UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Search Regarding     No. _4:20-mj-29_____

20-034-04                                 **"REDACTED" APPLICATION FOR
                                          SEARCH AND SEIZURE WARRANT**

---

I, David Sundet, being first duly sworn, hereby depose and state as follows:

I am a Special Agent with the Drug Enforcement Administration in Sioux Falls, South Dakota, and have reason to believe that upon the person and within the property fully described in Attachment A, attached hereto and incorporated herein by reference, there is now concealed certain information, namely: that fully described in Attachment B, attached hereto and incorporated herein by reference, which I believe is property constituting evidence of the commission of criminal offenses, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing criminal offenses, concerning violations of Title 21 U.S.C. §§ 841(a)(1), 844, and 846 (possession and distributing or dispensing controlled substances or conspiracy to distribute or dispense a controlled substance).

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith.

David Sundet, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed ~~in my presence~~ telephonically on the _26th_ day of March, 2020, at Sioux Falls, South Dakota.

VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| In the Matter of the Search Regarding | No. ___4:20-mj-29___ |
|---|---|
| 20-034-04 | **"REDACTED" AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT** |

---

STATE OF SOUTH DAKOTA ) 
                            :SS
COUNTY OF MINNEHAHA )

I, David Sundet, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the contents of one (1) cellular telephone extraction, herein after referred to as the "Cell Phone Extraction," specifically the information from the extraction from that property of electronically stored information, which is currently in law enforcement possession.

2.      The Cell Phone Extraction is described herein and in Attachment A, and the information to be seized is described herein and in Attachment B.

3.      Your Affiant is an "investigative law enforcement officer" within the meaning of Title 18, United States Code, Section 2510 (7), and is authorized by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.   Your Affiant is a Special Agent with the Drug Enforcement Administration, the U.S. Justice Department and has been so employed since August 2019.   I am currently assigned to the DEA Sioux Falls Resident Office (SFRO) in Sioux Falls, SD, and charged with investigating drug trafficking and money laundering violations under Title 18 and Title 21 of the United States Code.   I have received 16 weeks of specialized training in Quantico, Virginia, pertaining to drug identification and drug trafficking, undercover operations, and electronic and physical surveillance procedures. Before becoming a Special Agent with the DEA, your Affiant was a Texas Peace Officer with the Killeen Police Department of Killeen, Texas, and prior to that, a Federal Maritime Law Enforcement Officer with the U.S. Coast Guard, Department of Homeland Security.   I additionally hold a Bachelor's of Science

Degree in Criminal Justice from the University of Houston Downtown.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and/or agents and witnesses.   This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge or collective knowledge about this matter.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe violations of 21 U.S.C. §§ 841(a)(1), 844 and 846 have been committed by ▇▇▇▇▇▇▇▇▇▇▇▇▇.   There is also probable cause to believe the information described in Attachment B will constitute evidence of these criminal violations.

### USE OF CELLULAR TELEPHONE

6.     A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice communication through radio signals.     These   telephones   send   signals   through   networks   of transmitter/receivers called "cells", enabling communication with other wireless telephones or traditional "land line" telephones.   A wireless telephone usually contains a "call log", which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones now offer a broad range of capabilities.   These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and email; taking, sending, receiving and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

7.     Based upon my training and past investigations, and the investigations of other special agents of the DEA and other law enforcement officers, I am aware that those involved in the unlawful possession of controlled substances often use cellular telephones to facilitate and document the acquisition and possession of controlled substances.   Cellular telephones are likely to reveal prior controlled substance possession, contacts called, or messages/calls received pertaining to controlled substances from the contacts, the names and telephone numbers of contacts, and photographs of activity regarding controlled substances.   I am aware through training and experience that persons involved in the possession or distribution of firearms and controlled substances, along with other criminal conspirators and criminal groups and/or gangs, often utilize cellular telephones to facilitate communications with and/or store names, addresses and telephone numbers of suppliers, customers, criminal co-conspirators and fellow gang members.   I am aware that modern

cellular telephones, dubbed "smart phones", have the capability to create, send, receive and store digital media files. Common examples of the media that can be found on a "smart phone" include: photographs, audio and video recordings, text messages, messaging application communications, emails, web browser history, and other digital information. Your Affiant is aware through training and experience that these media files may identify suppliers, customers, criminal co-conspirators, provide indicia of gang membership, and detail the methods in which firearms and controlled substances are obtained, expended, secreted, transferred, and concealed.

### PROBABLE CAUSE

8.     From ▮▮▮▮▮▮▮▮, to present, your affiant has been conducting an investigation into the ▮▮▮▮▮▮▮▮▮▮▮▮▮ Drug Trafficking Organization (DTO) over violations of Title 21 U.S.C. §§ 841(a)(1) and 846. During this investigation, the DEA Sioux Falls Resident Office (SFRO) has discovered ▮▮▮▮▮▮▮ distributes crystal methamphetamine across ▮▮▮▮▮▮▮



▮▮▮▮▮A DEA ▮▮ was established as a ▮▮▮▮▮▮▮ with the DEA SFRO in ▮▮▮. The ▮ provided a cell phone and stated ▮▮▮ has been calling the ▮▮▮ multiple times in the ▮▮▮

▮▮▮On ▮▮▮▮▮▮, Agents of the DEA Sioux Falls Resident Office coordinated a law enforcement ▮▮▮▮▮▮▮▮ with members of the Sioux Falls Area Drug Task Force and South Dakota State Troopers after a DEA ▮▮ communicated ▮▮▮▮▮▮ and arranged the delivery of methamphetamine in Sioux Falls, SD.   During the operation

11.     During the operation, South Dakota State Troopers were able to interdict the ▮▮▮

██████ At the time of his arrest, ██████████████ ' ██████ was in possession of ███████████████████████████████ and State Troopers notified your Affiant that both phones were constantly ringing during the traffic stop and arrest ██████████████████████████████████████████████

13.     These two cell phones were recovered as evidence by the arresting South Dakota State Troopers and placed in a secure evidence facility.   South Dakota State Troopers have turned over these two cell phones to SA David Sundet with the Drug Enforcement Administration.

14.     Based upon my training, experience and participation in controlled substance(s) investigations and my assistance with other law enforcement officers specializing in narcotic investigations with whom I am associated, I know:

- Subjects who possess controlled substances also frequently sell controlled substances to help support their own habits and to make a profit.

- Subjects involved in the possession and/or distribution of one controlled substance frequently possess and/or distribute other controlled substances and/or marijuana.

- I know that illegal drug traffickers take, or cause to be taken, photographs or video movies of themselves, their conspirators, and their property and assets purchased with drug proceeds that are normally kept by drug traffickers in their possession and/or in their residence.

- I know that people who possess cell phones with digital image and video capabilities will often times store images and video on their cell phone or on detachable memory cards and other detachable media. These digital images and videos can include visual depictions of illegal drug use.

- I know that computers can be used to store data and information related to the use, possession and manufacture of illegal drugs to include but not limited to pictures, drug related correspondence, contacts, addresses, chat dialogues, instant messages, e-mail messages internet history, other internet related data and artifacts.

[4]

- Based upon my training and experience, I know that individuals who are involved in the possession and distribution of controlled substances and illegal drugs will often times use computers, cell phones, mobile devices and other electronic communication devices to communicate with other individuals who they are receiving or selling illegal drugs to and from. Also, I know that these individuals will use computers, cell phones and mobile devices to keep contact information regarding individuals that they buy illegal drugs from or sell illegal drugs to. In addition, I know that these individuals will use computers, cell phone and mobile devices to keep records regarding illegal drug sales as well as storing image files and video files of illegal drugs.

- Based on my training and experience, I know that subjects involved in the sale and distribution of illegal drugs such as Fentanyl often use the Internet to search for and purchase these drugs from locations outside of South Dakota and outside of the United States. When purchases of illegal drugs such as this occur the illegal drugs are often shipped to purchaser through the US Postal Service or other mail delivery carriers.

- Based on my training experience, I know that subjects involved in the sale and distribution of illegal drugs such as fentanyl will often times communicate with persons involved with the sales and distribution of illegal drugs using social media such as Facebook Messenger and other similar social media sites and communication methods.

- Searching computers, cell phones and other electronic storage media for criminal evidence is a highly technical process requiring specific expertise and a properly controlled environment. The vast array of computer and cell phone hardware and software available requires even computer experts to specialize in particular systems and applications, so it is difficult to know before a search which expert is qualified to analyze the particular system(s) and electronic evidence found at a search site. As a result, it is impossible to bring to the search site all of the necessary personnel, technical manuals, and specialized equipment to conduct a thorough search of every possible computer system. In addition, electronic evidence search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer and cell phone evidence is extremely vulnerable to inadvertent or intentional modification or destruction, a controlled

[5]

environment is essential to ensure its complete and accurate analysis.

15.    Based upon the information set forth herein, I have probable cause to believe that the Cell Phone Extraction and previous information obtained from the Cell Phone Extraction may contain evidence regarding the illegal possession of firearms, illegal drug possession and/or distribution of illegal drugs, and possibly the illegal possession of machinegun and/or firearm silencer.

## ELECTRONIC DEVICES AND STORAGE

16.    As described in Attachment B, this application seeks permission to search and seize things the Cell Phone Extraction might contain, in whatever form they are stored.   Based on my knowledge, training and experience, I know that electronic devices can store information for long periods of time.   Even when a user deletes information from or damages a device, it can sometimes be recovered with forensic tools.   Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.   This information can sometimes be recovered with forensics tools.

17.    Searching for the evidence on digital media may require a range of data analysis techniques.   In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring time consuming manual searches through unrelated materials that may be commingled with criminal evidence.   In other cases however, such techniques may not yield the evidence described in the warrant.   Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take steps designed to frustrate law enforcement searches for information.   These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment B, or briefly viewing all stored information to determine whether it falls within the scope of the warrant.   In light of these difficulties, the Drug Enforcement Administration intends to use whatever analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## AUTHORIZATION REQUEST

18.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

David Sundet, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence on the __26th__ day of
March 2020, at Sioux Falls, South Dakota.

VERONICA DUFFY
United States Magistrate Judge

[7]

**"REDACTED" ATTACHMENT A**
**DESCRIPTION OF PROPERTY TO BE SEARCHED**

The property to be searched is currently in the custody of SA David Sundet with the Drug Enforcement Administration in Sioux Falls, South Dakota, and is more fully described as:

- ███████████████████████████████
███████████████████████████████ The Cell Phones are currently in the possession of the Drug Enforcement Administration.

**"REDACTED" ATTACHMENT B**
**DESCRIPTION OF PROPERTY TO BE SEARCHED FOR AND SEIZED**

All files, records and information that relate to violations of 21 U.S.C. §§ 841(a)(1), 844, and 846.

1.  Call documentation, including incoming, outgoing, missed, or attempted calls;

2.  Electronic message documentation and content, including sent, unsent, received, or attempted messages whether they are texts, tweets, images, videos, e-mails, or some other form of electronic message;

3.  Records evidencing the use of the Internet to communicate with drug customers, and/or co-conspirators, including records of Internet Protocol addresses used;

4.  Records of Internet activity, including firewall logs, caches, browser history, cookies, "bookmarked" or "favorite" web pages, search terms the user entered into any Internet search engine, and records of user-typed web addresses;

5.  Voicemail documentation and content;

6.  Subscriber information;

7.  Account information;

8.  Lists of customers and contacts and related identifying information;

9.  Information related to sources of firearm/s (including names, addresses, phone numbers, or any other identifying information);

10.    Information regarding schedules or travel;

11.    All bank records, checks, credit card bills, account information, and other financial records;

12.    Information pertaining to other assets, including but not limited to Vehicle Identification Numbers (VINs), serial number and/or other identification numbers;

13.    Digital images and evidence (and any location data of where the digital items were created such as GPS or other forms of location data), including photographs and/or videos, photographs and/or videos of co-conspirators, assets, controlled substances, firearms and/or evidence of violations of 18 U.S.C. § 922(g), 21 U.S.C. §§ 841(a)(1), 844, and 846, and 26 U.S.C. § 5861;

14.    Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

15.    Digital documents tending to show dominion and control over wireless phone/s, including, but not limited to, bills or other business-related documents, correspondence, photographs, and any GPS (Global Positioning System) or other forms of location information associated with the digital documents;

16.    Digital documents or other items tending to identify co-conspirators, customers, and sources; including but not limited to,

[2]

electronic messages, notes, memoranda, photographs, address, and phone books, maps, organizers, or lists of names and any GPS or other forms of location information associated with the digital documents;

17. Any (Global Positioning System) and/or location data or information associated with evidence of violations of 18 U.S.C. § 922(g), 21 U.S.C. §§ 841(a)(1), 844, and 846, and 26 U.S.C § 5861.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

[3]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding        No. _____4:20-mj-29_____

20-034-04                                    **"REDACTED" SEARCH AND SEIZURE WARRANT**

TO:    ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the person and property described in Attachment A, attached hereto and incorporated herein by reference.

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above for the information fully described in Attachment B, attached hereto and incorporated herein by reference, and that such search will reveal evidence of the violations of 21 U.S.C. §§ 841(a)(1), 844, and 846 (possession and distributing or dispensing controlled substances or conspiracy to distribute or dispense a controlled substance).

**YOU ARE COMMANDED** to execute this warrant on or before
4-9-2020 _____ (not to exceed 14 days)
■ in the daytime ■ 6:00 a.m. to 10:00 p.m.
■ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

■  Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. ■ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized,
■ for _____ days *(not to exceed 30)*.
■ until, the facts justifying, the later specific date of _____.

3-26-2020 at 9:00 am CDT at Sioux Falls, South Dakota
Date and Time Issued  Telephonically

_____
VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding

No. ___4:20-mj-29_____

20-034-04

**RETURN**

Date and time warrant executed: _____

Copy of warrant and inventory left with: _____

Inventory made in the presence of: _____

Inventory of the property taken and name of any person(s) seized (attach additional sheets, if necessary):

| **CERTIFICATION** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |
| _____ <br> David Sundet, Special Agent <br> Drug Enforcement Administration |